Snodgrass, J.,
delivered tire opinion of tke court:
Barnard sued plaintiffs in error in ejectment, and recovered, Ms title being a grant to Mmself, dated eighth May, 1882, proven to have been the land sued for — fifty-four acres. The defendants relied upon a grant to "Wesley Ball, dated September 30, Í851, and devise in the will of Ball to Jonathan and Polly Barnard, twenty-third April, 1860, of whom Mrs. Morelock was a daughter and heir, the parents being dead at the time this suit was brought. The clause in the will was as follows: “I will and bequeath to my daughter Polly, and her husband, Jonathan Barnard, all the tract of land that John Smith now lives on, which land I bought of John Barnard, and all the land joining the same on the side of Bay’s mountain, to the top of the same.”
Plaintiff and other witnesses testified that the grant covered the land in controversy. He also proved that “John Smith was living on the land in controversy at date of the -will and death of testator;” and this is relied on to identify the land devised as the same as that granted. This does not do so. The land John Smith lived on was not the land testator purported to hold by grant, but by purchase from John Barnard; nor is it proven otherwise to be the same. This court did not, therefore, err in this point.
*286 Plaintiffs in error, and other witnesses, testified that the calls in the grant for 500 acres included the fifty-four acres in dispute. Defendant in error testified that they did not; showed he was a surveyor, and had surveyed the adjoining lands, and knew the calls of the Bail grant, and that they did not include the' fifty-four acres. He exhibited a map so showing. The court believed him, and, under the rule of this court that a verdict will not be disturbed if there is any evidence to sustain it, or judgment of the court where jury is waived, as in this case, the judgment must stand.
It is insisted for plaintiffs in error that they were protected in their possession by the statute of limitations of seven years. Morelock testified that he was living on the land granted and devised. He also testified that he was living on the land in controversy at time the suit was brought, and had been for ten years. He says: “My house is on the land in controversy, and I have had a portion of the land covered by said 500-acre grant inclosed for more than seven years, being about six acres, where my house is.” This testimony was given in 1885, as to the house and six acres being occupied and 'inclosed for more than seven years. This might be true, and still not show more than seven years’ inclosure at the time of the commencement of this action. His preceding testimony, that for ten years before the suit was brought, he had been living upon the land in controversy, in connection with his testimony that he had been living upon the land granted, can be held to have no greater effect than proving they are the same lands, to' extent of the fifty-four acres; and as there is evidence to the contrary, upon which the judgment is rested on that point, his testimony on this does not affirmatively show that the court below was in error. It may be that although the Ball grant and devise do not cover the fifty-four acres, yet plaintiffs in error may have had, outside of that grant, and on the fifty-four acres, a *287 possession and inclosure for more than seven.years, with claim of ownership. In this ©vent, they would he protected in their possession, although without color of title; hut, in order to make the difference effectual, the occupation and inclosure would have to he well defined and described, and clearly appear to he within the land sued for, and the description would, of course, have to he sufficient to enable the court to exclude it, hy description, from the judgment of recovery. These things not appearing to show error in the judgment, it will he affirmed, with costs.